IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 18-1965 JAP |
| ) | |
| vs. ) | |
| ) | |
| JAMES BALDINGER, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR DUPLICITY (DOC. 30)**

The United States of America, through its undersigned counsel, responds in Opposition to Defendant's Motion to Dismiss the Indictment on Duplicity Grounds. (Doc. 30). Contrary to the defendant's arguments, Counts One, Two, and Three do not violate the Presentment Clause of the Fifth Amendment or the Notice of Accusation Clause of the Sixth Amendment, and his motion should be denied.

However, should this Court deem Counts One, Two, or Three to be duplicitous, the appropriate remedy is to provide a unanimity instruction to the jury as to each and every element, rather than to dismiss the indictment.

For the reasons set forth below, the United States respectfully requests this Honorable Court to deny the defendant's motion.

I. **PROCEDURAL HISTORY**

On June 13, 2018, a federal grand jury returned a three-count indictment against the defendant arising out of his conduct as a transport officer for Prisoner Transportation Services of America ("PTS") when he sexually assaulted a female inmate in his custody on several

occasions. The indictment charges the defendant with two counts of violating 18 U.S.C. § 242 (Deprivation of Constitutional Rights) and one count of violating 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence). Specifically, Count One charges the defendant with violating the victim's substantive due process rights, which includes the right to bodily integrity, by digitally penetrating her vagina against her will, on at least one occasion, in the District of New Mexico and elsewhere. Count Two charges the defendant with violating the victim's substantive due process rights, which includes the right to bodily integrity, by digitally penetrating her anus against her will, on one occasion, in the District of New Mexico. Both counts charge that the offenses resulted in bodily injury and included the use of a dangerous weapon and aggravated sexual abuse. Count Three charges the defendant with possessing a firearm in furtherance of a crime of violence: digitally penetrating the victim's vagina and digitally penetrating the victim's anus, without her consent, such that it involved the use of a dangerous weapon or constituted aggravated sexual abuse.

## II.  LAW AND ARGUMENT

The defendant claims, "[e]ach of these counts contains multiple offenses that are improperly joined and, therefore, must be dismissed." (Doc. 30 at 2). This argument ignores the statutory construction of 18 U.S.C. § 242, as well as well-established precedent and, therefore, should be rejected.

### A.  Counts One and Two Are Not Duplicitous and Should Not Be Dismissed.

Duplicity occurs where a defendant is charged with two or more separate offenses in the same count of an indictment. *See United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998); and *see United States v. Haddock*, 956 F.2d 1534, 1546 (10th Cir. 1992), *abrogated on other grounds by United States v. Wells*, 519 U.S. 482 (1997). There is no duplicity where a

statute specifies several alternative ways in which an offense may be committed and the indictment alleges multiple ways, conjunctively, in a single count. *See Cordova v. United States*, 303 F.2d 454, 455 (10th Cir. 1962); *Bayless v. United States*, 365 F.2d 694, 695 (10th Cir. 1966); *United States v. Herbert*, 502 F.2d 890, 893-94 (10th Cir. 1974).[1]

The lack of duplicity in the present indictment notwithstanding, the Tenth Circuit Court of Appeals has repeatedly held that, "one cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one count or the other of the acts charged within a count that otherwise appear to be separate instructions." *Trammell* at 1354-55; *see also United States v. Weller*, 238 F.3d 1215, 1220 (10th Cir. 2001) (finding that a limiting jury instruction cured any "danger of a divided jury opinion over which charge was the proper one upon which to convict (embezzlement or misapplication)."); *United States v. Miller*, 891 F.3d 1220, 1230 (10th Cir. 2018) (finding that the district court appropriately instructed the jury and "counteracted any problems that may have been created by a duplicitous indictment.").

As the Fifth Circuit Court of Appeals correctly observed, 18 U.S.C. § 242 consists of three clauses, and each clause states a separate offense. *See United States v. Williams*, 343 F.3d 423, 431-32 (5th Cir. 2003). The first clause states a misdemeanor offense, which requires that: (1) the defendant acted under color of law; (2) the defendant acted willfully; and (3) the defendant deprived the victim of a federal right. *United States v. Williams*, 343 F.3d at 431-32. The second clause states a separate, felony offense, punishable by up to ten years in prison, "if bodily injury results" or if "such acts include the use, attempted use, or threatened use of a

---

[1] Defendant alleges that he cannot be sure which crimes the grand jury found when determining probable cause in this case. Such an argument ignores the rules of charging in the conjunctive when a statute is written in the disjunctive as set forth in *Cordova*, *Herbert*, and *Bayless* and should be rejected.

dangerous weapon." *Williams* at 432. The third clause creates another separate offense, again a felony, which increases the maximum penalty to life imprisonment, where the offense involves death or involves—as charged here—aggravated sexual abuse. *Id*. Because the second and third clauses of § 242 create offenses that are distinct from that created by the first clause, they must be pleaded in the indictment and proved beyond a reasonable doubt. *See Williams* at 432-33 *quoting Apprendi v. New Jersey*, 530 U.S. 466, 476 (2003) (holding "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt."). Similarly, when facts increase the mandatory minimum sentence, they must be charged in an indictment and proved beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 107-16 (2013) (overruling *Harris v. United States*, 536 U.S. 545 (2002), as it was "inconsistent with *Apprendi*."); *see also United States v. Ellis*, 868 F.3d 1155, 1169-70 (10th Cir. 2017).

Presently, the defendant first argues that Counts One and Two are duplicitous for identical reasons, *i.e.*, that the counts "include alternative elements, alongside alternative means, thereby charging two distinct offenses for a single count." (Doc. 30 at 5, 7). The defendant further complains that he is "deprived of notice as to which alleged offenses he should be prepared to defend himself against at trial" and "deprived of notice as to the penalty he may expect to receive if convicted at trial." (Doc. 30 at 6). As stated below, such arguments contradict the plain statutory language of § 242 and Supreme Court precedent, all of which require the United States to plead elements that increase the maximum sentence and the mandatory minimum sentence in the indictment.

The defendant acknowledges, and the United States agrees, that the terms "bodily injury" and "dangerous weapon" in Counts One and Two are alternate means in which a defendant can

violate the second clause of § 242 and that subject him to a ten-year maximum punishment. Counts One and Two, therefore, are correctly plead in the conjunctive, with respect to the second clause of § 242 under *United States v. Williams*. Proof of either of these would be sufficient to establish guilt beyond a reasonable doubt. *See United States v. Mohr*, 728 F.2d 1132, 1135 (8th Cir. 1984), *cert. denied*, 469 U.S. 843 (1984).

Additionally, and as the defendant acknowledges, the second and third clauses of § 242 each subject the defendant to separate statutory maximum penalties. The second clause, as stated above, subjects him to a maximum penalty of ten years imprisonment, while the language "aggravated sexual abuse," as plead in Counts One and Two, subjects him to a statutory maximum penalty of life in prison. Again pursuant to *Apprendi*, the United States is required to plead clauses two and three of § 242 in the indictment, and prove each clause beyond a reasonable doubt for a conviction to stand. Because both the second and third clauses are correctly plead in the indictment, the defendant is properly charged under § 242 and counts are not duplicitous. Pleading the second and third clauses separately in the indictment and charging the defendant with four counts of § 242, as the defendant suggests, is unnecessary under established precedent, would serve to confuse the jury, and would likely suggest that the government alleges that there were more than two sexual assaults.[2]

Without relying on legal authority, the defendant next argues that the duplicitous nature of Counts One and Two violate the Notice of Accusation Clause of the Sixth Amendment Defendant. The Supreme Court has routinely emphasized that:

---

[2] Defendant separately argues that Counts One and Two are multiplicitous and should be dismissed. (Doc. 27). That argument runs fundamentally counter to his present position. The contradiction is best-illustrated by way of hypothetical: had the government sought a superseding indictment charging the defendant with four separate counts of 18 U.S.C. § 242, as he suggests here, he would challenge that indictment on multiplicity grounds, as in Doc. 27.

> [T]wo of the protections which an indictment is intended to guarantee . . . the first, whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a formal acquittal or conviction.

*Russell v. United States*, 369 U.S.749, 764 (1963) *quoting Cochran and Sayre v. United States*, 157 U.S. 286, 290 (1895) (internal quotations omitted). Counts One and Two charge the defendant with committing acts of sexual penetration on specific dates, in specific jurisdictions, and by separate means, permissibly charging in the conjunctive. Counts One and Two also put the defendant on notice that he is facing a statutory maximum of ten years in prison if he is convicted of either "bodily injury" or "dangerous weapon" under the second clause of § 242. He has also been put on notice that he faces a maximum penalty of life in prison should the jury find that the offense "included aggravated sexual abuse." The United States has complied with the standard laid out in *Russell*, and provided the defendant with constitutionally adequate notice. He is entitled to no more.

Finally, the defendant argues that the duplicitous nature of Counts One and Two violates the Presentment Clause of the Fifth Amendment. Once again, the defendant does not present legal authority to demonstrate this alleged error. The Presentment Clause of the Fifth Amendment states, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V, *United States v. Stegman*, 873 F.3d 1215, 1223 (10th Cir. 2017). The defendant claims, with no basis, that the Grand Jury may not have found probable cause as to each and every element plead in the indictment, conveniently listing the varying elements using the disjunctive "*or.*" (Doc. 30 at 7). Yet, the indictment was specifically plead in the conjunctive

"and" to ensure that the grand jury found probable cause as to each and every element, and to ensure that the defendant's constitutional rights were not violated.

### B. Count Three is Not Duplicitous and Should Not Be Dismissed.

The defendant moves to dismiss Count Three, arguing that it "incorporates Counts 1 and 2 by reference, assimilating those counts' duplicitous nature." (Doc. 30 at 8).[3] The defendant relies largely on arguments similar to those he made regarding Counts One and Two (violation of the Presentment Clause and Notice of Accusation Clause) (Doc. 30, 8-10). Just as his arguments should not stand with regard to the first two counts, so should they fail with regard to Count Three.

Count Three involves a mandatory minimum sentence, and therefore, pursuant to the requirements of Presentment Clause and the Notice of Accusation Clause, the violation of the statute was plead in the indictment and the United States will be held to its burden of proof. *See Alleyne v. United States*, 570 U.S. at 106-17. As required, Count Three charges the defendant with violating 18 U.S.C. § 924(c) on a specific date, in a specific venue, and by two alternative means (Counts One and Two). The defendant is therefore on notice as to the charges and possible penalties he is facing. Similarly, the indictment was plead in the conjunctive and the defendant has no basis to claim that the grand jury did not find probable cause for each and every element as the Presentment Clause requires.

---

[3] The defendant also filed a separate motion to dismiss, in it arguing that Count Three is multiplicitous in violation of the Double Jeopardy Clause of the Fifth Amendment. (Doc. 28). It would then follow that should the United States seek a superseding indictment charging the defendant with separate violations of § 924(c), as he seeks in this motion, he would likely move to dismiss based on multiplicity. He cannot have it both ways.

### C. If Counts One, Two, and Three Are Duplicitous, the Appropriate Remedy is Not Dismissal.

The United States in no way concedes that Counts One, Two, and Three of the indictment are duplicitous, violate the Presentment Clause of the Fifth Amendment, or violate the Notice of Accusation Clause of the Sixth Amendment. However, should this Court be persuaded by any of the defendant's arguments, the appropriate remedy is not to dismiss the indictment or amend the indictment on its face. Instead, the better alternative would be for this Court to ensure the jury receives unanimity instructions as to each and every element for each crime charged. *See United States v. Miller*, 891 F.3d at 1230. Dismissal of these counts is an unnecessarily extreme measure, where a curative instruction will ensure that the defendant's constitutional rights are protected.

### III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss the Indictment on Duplictity Grounds.

Respectfully submitted:

JOHN C. ANDERSON
United States Attorney

*/s/*_____
Shaheen Torgoley
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7472

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

*/s/*_____
FARA GOLD
Special Litigation Counsel

8

*/s/*
MAURA WHITE
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D Street NW #5200
Washington, DC 20530
(202) 514-3204

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Aric Elsenheimer, Assistant Federal Defender.

        */S/ Shaheen Torgoley*
Shaheen Torgoley
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7472