IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 24 2019

MITCHELL R. ELFERS
CLERK

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Cr. No. 18 CR 01965 JAP
)
JAMES E. BALDINGER, )
)
Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico and the United States Department of Justice Civil Rights Division (collectively, "the United States"), the Defendant, James Baldinger, and the Defendant's counsel, Aric Elsenheimer and Angelica Hall:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with his attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

      1) to confront and cross-examine adverse witnesses,

      2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to the information, charging one felony violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law.

## SENTENCING

4. The Defendant understands that the maximum penalty the Court can impose is:

   a. For the violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, charged in the information, imprisonment for a period of not more than ten years, a $250,000 fine, three years of supervised release, and a $100.00 mandatory special penalty assessment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   b. Restitution as may be ordered by the Court.

5. The Defendant fully understands that the agreement included in this document determines the sentence in this case and whether the Court accepts the plea described herein and sentences the Defendant as the parties have agreed, is solely in the discretion of the Court. Both parties understand that should the Court choose not to accept this plea agreement, as fully laid out in this document, to include the agreed-upon sentence, the Defendant shall have the right to

2

withdraw his guilty plea. The United States will withdraw from this plea agreement and the indictment currently pending against the Defendant will not be dismissed, and that the United States may seek a superseding indictment on any and all charges for which the United States can prove beyond a reasonable doubt at trial.

6. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. The parties agree that, as part of the Defendant's sentence, the Court will enter, if applicable, an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

8. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

I formerly worked as a transport officer for Prisoner Transportation Services Of America, LLC. (PTS), a private prisoner extradition company that contracts with government agencies to transport detainees. In that capacity, my job was to transport individuals arrested on out-state-warrants to the extraditing jurisdiction. On or about July 11-12, 2017, during a transport from Kentucky to New Mexico, I touched the breasts and vagina of B.A.W., a female inmate in my custody whom I was transporting to Bernalillo County, New Mexico. My actions resulted in injury and pain to B.A.W. B.A.W did not consent to any sexual contact, and in fact, I engaged in this behavior while she was restrained. When I touched B.A.W., I knew my actions were against the law but I did it anyway. I admit that this was a willful violation of B.A.W.'s constitutional rights, and more specifically, a violation of her right to bodily integrity.

10. By signing this Agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence advisory guideline offense level.

## STIPULATIONS

11. The United States and the Defendant stipulate as follows:

   a. The United States has made an agreement with the Defendant pursuant to Rule 11(c)(1)(C), FED.R.CRIM.P., to a term of imprisonment with the Bureau of Prisons of <u>24 months</u>. The prison sentence will be followed by three (3) years of supervised release. This sentence takes into account acceptance of responsibility.

b.  The parties agree that this sentence is the appropriate in this matter and that the Court will determine whether restitution, and/or a fine is appropriate under the law and facts of the case. Neither party may seek a departure, variance, or deviation of any kind from the agreed upon sentence.

c.  The Defendant will register as a sex offender if the laws and regulations of the state in which he resides mandates such registration.

d.  The Defendant agrees to forfeit his law enforcement certification if he has one, and further agrees to no longer work or seek future employment as a law enforcement officer in any local, state, or federal law enforcement agency. He further agrees not to work as a private security officer or transport officer or work in transport or security in any capacity.

e.  The Defendant further agrees not to possess firearms.

f.  If the Court accepts the plea agreement, it must inform the Defendant, to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C), that the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the agreement.

g.  The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any

5

subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

13. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s).

## OTHER WAIVERS

14. The Defendant agrees and acknowledges with respect to all charges that have been brought against the Defendant that the Defendant is not a "prevailing party" within the meaning of the Hyde Amendment, 18 U.S.C. § 3006A (note), Pub.L. 105-119, Title VI, Sec. 617, Nov. 26, 1997, 111 Stat. 2519. The Defendant further agrees and acknowledges with respect to all charges that have been brought against the Defendant that the position of the United States at no time was vexatious, frivolous or in bad faith as those terms are contemplated by the Hyde Amendment.

## GOVERNMENT'S AGREEMENT

15. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the facts known to the United States as it relates to the transport that is the subject of the information to which the Defendant is pleading guilty, and upon sentencing, the United States will dismiss the pending Indictment.

16. This agreement is limited to the United States Attorney's Office for the District of New Mexico and The United States Department of Justice Civil Rights Division and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

17. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court

7

will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

18. The Defendant agrees that if the Defendant violates any provision of this Agreement, the United States may declare this Agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

19. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of the Defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the Defendant and an attorney for the United States.

AGREED TO AND SIGNED this 9TH day of May, 2019.

JOHN C. ANDERSON
United States Attorney

_____
SHAHEEN TORGOLEY
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274


ERIC S. DREIBAND
Acting Assistant Attorney General
Civil Rights Division

for _____
FARA GOLD
Special Litigation Counsel
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D ST NW, #5200
Washington, D.C. 20530
(202) 305-1896

for _____
MAURA WHITE
Trial Attorney
U.S. Department of Justice
Civil Rights Division, Criminal Section
601 D ST NW, #5200
Washington, D.C. 20530
(202) 616-5103


    I am Aric Elsenheimer, James E. Baldinger's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9

_____
ARIC ELSENHEIMER
Attorney for the Defendant

    I am Angelica Hall, James E. Baldinger's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
ANGELICA HALL
Attorney for the Defendant

    This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorneys have advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorneys in this matter.

_____
JAMES E. BALDINGER
Defendant

# EXHIBIT A
# ADDENDUM TO PLEA AGREEMENT IN
# *UNITED STATES v. JAMES BALDINGER*, CR. NO. 18-1965 JAP

1. This Addendum to the Plea Agreement contains the elements of the offense to which the Defendant, James Baldinger, is pleading guilty.

2. To establish a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, the government must prove four elements beyond a reasonable doubt:

   a. that the defendant acted under color of law;

   b. that the defendant deprived the victim of a right protected or secured by the Constitution or the laws of the United States, i.e. the 14th Amendment's guarantee of substantive due process, which includes the right to bodily integrity;

   c. that the defendant acted willfully, and

   d. that the defendant's conduct resulted in bodily injury.

Date: June 24, 2019

JOHN C. ANDERSON
United States Attorney

*/s/ K. Brawley/*
KIMBERLY A. BRAWLEY
Assistant United States Attorney

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division, U.S. Department of Justice

*/s/ K. Brawley for/*
FARA GOLD
Special Litigation Counsel
Criminal Section, Civil Rights Division

*/s/ K. Brawley for/*
MAURA WHITE
Trial Attorney
Criminal Section, Civil Rights Division

1

_____
JAMES BALDINGER
Defendant

_____
ARIC G. ELSENHEIMER
Defense Counsel